Marcella Fox
1205 Visions
Irvine Ca, 92620
5625377642
Pro Se

FILED
2019 SEP 20 AM 11: 52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Marcella Fox,

    Plaintiff,

vs.

Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P, Kimball, Tirey & St. John, LLP, and John (or Jane) Does 1-10,

    Defendants.

Case No.   **8:19-cv-01801 JVS (KESx)**

**COMPLAINT FOR RETALIATION, HARASSMENT AND DISCRIMINATION.**

**DEMAND FOR JURY TRIAL**

NOW COMES THE PLAINTIFF, Marcella Fox, with the following causes of action and contends the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law. This Court has supplemental

- 1 -

jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

2. Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper pursuant to 28 U.S.C § 1391 because the property at issue is located in this district.

**PARTIES**

3. Plaintiff, Marcella Fox (herein "Plaintiff") resides in Orange County, California, address 1205 Visions Irvine Ca., 92620 (herein "Alegre Apartments").

4. Upon information and belief, Defendants Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P and Kimball, Tirey & St. John, LLP, and John (or Jane) Does 1-10, all of whose true

names are unknown (collectively "Defendants") currently do business in Orange County, California.

5. Upon information and belief, Defendants Kimball, Tirey & St. John, LLP's corporate office is located at 2040 Main St #500, Irvine, Ca 92614.

6. Upon information and belief, Defendants Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC's corporate office is located at 30141 Agoura Rd., Ste. #100 Agoura Hills, CA 91301-4332.

7. Upon information and belief, Defendants are the successor employers and/or successors-in-interest to any companies or entities that previously owned, managed, or operated Alegre Apartments.

8. Plaintiff is informed and believe and thereon allege that at all times relevant herein, each of the Defendant Does 1-10 were responsible in some manner for the occurrences and injuries alleged in this complaint. Their names and capacities are currently unknown to Plaintiffs. Plaintiffs will amend this Complaint to show such true names and capacities when the same have been ascertained.

## STATEMENT OF FACTS

9. Marcella Fox is handicapped or disabled within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h) and that she has Anxiety, PTSD, Panic and hearing loss, which substantially limits her daily functional capacity.

10. Marcella Fox allege that at the time she and her family moved into the residential apartments owned and operated by Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP (herein, "Defendants"), Marcella Fox suffered from disabilities covered under the ADA, FEHA and FHA.

**Retaliation and/or Failure to Prevent Harassment, Discrimination, or Retaliation**

Upon information and belief, Marcella Fox allege that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP retaliated against her and her household immediately after and continuously since filing a complaint and lawsuit against the defendants. The defendants harassed, intimidated and bullied the plaintiff, as well as, orchestrated a constructive eviction against the plaintiff. To establish this claim, Plaintiff, Marcella Fox intends to prove all of the following:

•Upon information and belief, Marcella Fox submitted complaints to the defendants and also filed a lawsuit against the defendants;

•Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey &

St. John, LLP began to threaten, harass and intimidate Marcella Fox and her household immediately after the complaints were made. Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP subjected Marcella Fox to different maintenance and rental terms than other tenants;

- Upon information and belief, Defendants raised the plaintiff's rent after she requested a repair.

- Upon information and belief, Defendants denied maintenance request after Plaintiff made a complaint to them about the safety concerns she had in respects to the dwelling unit.

- Upon information and belief, Marcella Fox's complaint and lawsuit was a substantial motivating reason for Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP's decision to retaliate, intimidate and/or harass Marcella Fox and her household;

- Upon information and belief, Marcella Fox was harmed; and

- Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey &

St. John, LLP's decision to harass, intimidate and retaliate against Marcella Fox was a substantial factor in causing her harm.

•Upon information and belief, Marcella Fox informed the defendants of her disabilities and that their actions were triggering symptoms of her disabilities.

•Upon information and belief, the defendants were aware of the plaintiff's disabilities.

Upon information and belief, Marcella Fox does not have to prove discrimination/harassment in order to be protected from retaliation. The plaintiff reasonably believe that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP's conduct was unlawful. According to local laws Plaintiff may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination, harassment and/or any other claim. Upon information and belief, Marcella Fox believes the defendants were motivated by an intent to retaliate against her for making a complaint and filing a lawsuit against them in 2018 for a separate matter. Upon information and belief, the defendants proceeded to discriminate, harass, intimidate, bully and retaliate against the plaintiff immediately after and continuously since she made a complaint and filed a lawsuit against the defendants in 2018 for a separate matter.

Plaintiff is informed and believes that under federal law, it is unlawful to coerce, intimidate, threaten, or interfere with any person because she exercised a Fair Housing right. The federal regulations establish specific prohibited retaliatory conduct. Furthermore, a person/entity/agency may not retaliate against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act.

Upon information and belief, Marcella Fox claims that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP failed to take all reasonable steps to prevent harassment, discrimination, bullying, intimidation and/or retaliation based on the fact that Marcella Fox complained about the unsafe conditions of the dwelling unit, requested repairs and submitted a lawsuit with the court against them previously. The plaintiff believes the defendants went as far as to orchestrate a constructive eviction against her.

Ms. Fox intends to prove all of the following:

•Upon information and belief, Marcella Fox was a tenant of the defendants Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. between August 2018 until present.

- Upon information and belief, Fox believes the defendant Kimball, Tirey & St. John, LLP assisted in the harassment, retaliation, discrimination, bullying, intimidation and constructive eviction as the hired attorneys for Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC and Amcal Alegre Fund, L.P.;
- Upon information and belief, Marcella Fox was subjected to harassment, bullying, intimidation, discrimination and/or retaliation in the course of her tenancy;
- Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP failed to take all reasonable steps to prevent the harassment, discrimination, and/or retaliation subjecting Fox to a hostile and abusive living environment;
- Upon information and belief, Marcella Fox was harmed; and
- Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP's failure to take all reasonable steps to prevent harassment,

discrimination, bullying, intimidation and retaliation was a substantial factor in causing Marcella Fox's harm.

*California Code, Civil Code - CIV § 1942.5 states:*

*"(d) Notwithstanding subdivision (a), it is unlawful for a lessor to increase rent, decrease services, cause a lessee to quit involuntarily, bring an action to recover possession, or threaten to do any of those acts, for the purpose of retaliating against the lessee because he or she has lawfully organized or participated in a lessees' association or an organization advocating lessees' rights or has lawfully and peaceably exercised any rights under the law. In an action brought by or against the lessee pursuant to this subdivision, the lessee shall bear the burden of producing evidence that the lessor's conduct was, in fact, retaliatory."*

Upon information and belief, the defendants raised Fox's rent several times during her tenancy. Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP began to attack her tenancy and send false and/or excessive notices, as well as, asked plaintiff to move immediately after she made a complaint and then began to threaten her with eviction immediately after Fox filed a lawsuit against some of the named defendants in 2018. Upon information and belief, Defendants began to send false and/or invalid notices immediately after Fox filed her complaint against them. Upon

information and belief, Defendants acted with a purpose to intentionally cause adverse actions to occur. Upon information and belief, Defendants are ending Fox's tenancy and/or refusing to renew her tenancy. Plaintiff believes the decision to end her tenancy and/or constructively evict her is a direct result of her complaint and prior lawsuit. Upon information and belief, Defendants have also raised Plaintiff's rent, decreased essential items and/or services, and has filed an eviction or unlawful detainer action because Fox has sued and/or defended a court case and raised the habitability of the rental property as an issue.

      According to local California laws and upon information and belief, it is illegal for a landlord to retaliate against a tenant in California who has exercised a legal right, including:

- complaining to the landlord about unsafe or illegal living conditions
- complaining to a government agency, such as a building or health inspector, about unsafe or illegal living conditions
- assembling and presenting your views collectively—for example, by joining or organizing a tenant union, or
- exercising a legal right allowed by your state or local law, such as withholding the rent for an uninhabitable unit.

      Upon information and belief, the types of retaliatory acts covered by California law include, but are not limited to, terminating a tenancy or filing and/or threatening to

file an eviction lawsuit; increasing the rent; or decreasing services, such as not providing some maintenance requests. Upon information and belief, California state law presumes retaliation if the landlord acts in these types of negative ways within 180 days of the date that a tenant has exercised a legal right, such as complaining to the landlord about unsafe living conditions in the apartment, as Marcella Fox did. The Plaintiff believes she exercised a Fair Housing right. Upon information and belief, Defendants were aware that Marcella Fox exercised such right. After the Plaintiff exercised her Fair Housing right, the Defendant subsequently took adverse action against the Plaintiff.

**Failure to Accommodate/ Failure to Engage in the Interactive Process**

Upon information and belief, Marcella Fox claims that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP failed to reasonably accommodate her mental and physical condition. Marcella Fox intends to prove all of the following:

•Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP were the owners, co-owners, operators, affiliates and/or an interested

party of the property where Marcella Fox has a lease and/or contract to rent a residential unit;

- Upon information and belief, Marcella Fox is or was a tenant of Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., and/or Amcal 1 GP, LLC and Amcal Alegre Fund, L.P at the time of this complaint.;

- Upon information and belief, Marcella Fox had a mental and physical condition that limited her ability to hear and limited other major daily life activities.

- Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP knew of Marcella Fox's mental and physical conditions that limited her hearing, as well as, other major daily life activities;

- Upon information and belief, Marcella Fox would have been able to perform her essential daily duties and enhance her quality of life by alleviating some symptoms of her disabilities with the requested reasonable accommodation for her mental and physical conditions;

- Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal

Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P. failed to provide reasonable accommodation for Marcella Fox's mental and physical conditions;

•Upon information and belief, Marcella Fox was harmed; and

•Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P.'s failure to provide reasonable accommodation was a substantial factor in causing Marcella Fox's harm.

Upon information and belief, Marcella Fox contends that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Marcella Fox alleviate some symptoms of her disability and fully enjoy the rental unit located at 1205 Visions, Irvine Ca, 92620.

Marcella Fox intends to prove the following:

•Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey &

St. John, LLP werewas owner, co-owner, operator, affiliate, and/or manager of the dwelling unit where Marcella Fox has a lease and/or contract to rent a residential unit.

•Upon information and belief, Marcella Fox is a tenant of Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal Alegre Fund, L.P. and Amcal 1 GP, LLC;

•Upon information and belief, Marcella Fox had mental and physical conditions that were known to Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP;

•Upon information and belief, Marcella Fox requested that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P. make reasonable accommodation for her mental and physical conditions so that she would be able to alleviate symptoms of here disabilities and enhance her overall quality of life;

•Upon information and belief, Marcella Fox was willing to participate in an interactive process to determine whether a reasonable accommodation could be made so that she would be able to alleviate symptoms of her disabilities;

- Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P. failed to participate in a timely good-faith interactive process with Marcella Fox to determine whether reasonable accommodation could be made;
- Upon information and belief, Marcella Fox was harmed; and
- Upon information and belief, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P.'s failure to engage in a good-faith interactive process was a substantial factor in causing Marcella Fox's harm.

**Intentional infliction of emotional distress**

Upon information and belief, 24 CFR § 100.400 - Prohibited interference, coercion or intimidation, states that "*it is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.*"

Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination, harassment,

bullying, intimidation, reprisal and retaliation based on her previous complaints in regards to the safety concerns in the dwelling unit at Alegre Apartments.

Plaintiff was subjected to harassment, retaliation and reprisal by Defendants' agents and employees because she complained about the safety of the dwelling unit and made maintenance requests.

Plaintiff was subjected to verbal and written conduct by Defendants' agents and employees.

Defendants' agents and employees' conduct was not welcomed by Plaintiff.

Defendants' agents' and employees' conduct was undertaken because of Plaintiff's complaints.

The conduct was so severe or pervasive that reasonable persons in Plaintiff's position would find her living environment to be hostile or abusive.

Plaintiff believe her living environment to be hostile or abusive as a result of Defendants' agents' and employees' conduct.

Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel with information sufficient to raise a probability of retaliation, harassment, and/or discrimination in the mind of a reasonable landlord. Moreover, the harassment and retaliation was so pervasive and open that a reasonable landlord would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

Defendants did not exercise reasonable care to prevent harassment or retaliation and did not exercise reasonable care to promptly correct any harassing and/ or retaliatory behavior that did occur.

As a direct, legal and proximate result of the discrimination, harassment and retaliation Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination.

Plaintiff's previous complaints were the determining factor and/or a motivating factor in Defendants' actions. As a result of Defendants' actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination, retaliation and harassment at trial.

Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination, harassment and retaliation based on her previous complaints against them. Plaintiff is entitled to reasonable relief.

Plaintiff made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory housing practices based on

her previous complaints against them. As a result of Plaintiffs' complaints, Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings, threats of termination, and reprimands by Defendants' agents and employees. Defendants' adverse actions constituted retaliatory housing harassment.

Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity. It is the Plaintiff's belief that the Defendants took adverse action against her because she exercised her Fair Housing right. Upon information and belief, Defendants acted with a purpose to intentionally cause adverse actions to occur and to intentionally harass, bully, intimidate and/or retaliate against Marcella Fox. Defendants are liable for the acts of their agents and employees as set forth above.

## DECLARATORY RELIEF ALLEGATIONS

A present and actual controversy exists between Plaintiffs and Defendants concerning their rights and respective duties. Plaintiff contend that Defendants violated her rights under Title 24, Section 100. Plaintiff is informed and believe and thereon alleges that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

Plaintiff seek a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

If this Court does not grant the injunctive relief sought herein, Plaintiffs will be irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

For all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

For $140,000 compensatory damages for Plaintiffs' emotional pain and suffering, or in an amount to be proven at trial;

For General damages according to proof;

For punitive damages for $750,000 or in an amount to be determined at trial;

For interest on compensation and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

For such other and further relief as this Court deems just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which they have a right to a jury trial.

Respectfully Submitted,

Dated: September 18, 2019            By: _____

Marcella Fox
In Pro Per