FILED

Marcella Fox

P.O. BOX 28353

Santa Ana, Ca 92799

5625194195

Pro Se

2020 FEB 21  PM 1:34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____EV

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marcella Fox,<br><br>          Plaintiff,<br><br>     vs.<br><br>Alegre Group et al.<br><br>          Defendants. | Case No. 8:19-cv-01801-JVS-KESx<br><br>**Plaintiff's First Amended Complaint**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES THE PLAINTIFF, Marcella Fox, with the following causes of action and contends the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

2. Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper pursuant to 28 U.S.C § 1391 because the property at issue is located in this district.

### PARTIES

4. Plaintiff, Marcella Fox (herein "Plaintiff") resides in Orange County, California, address 1205 Visions Irvine Ca., 92620 (herein "Alegre Apartments").

5. Upon information and belief, Defendants Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P and Kimball,

Tirey & St. John, LLP, and John (or Jane) Does 1-10, all of whose true names are unknown (collectively "Defendants") currently do business in Orange County, California.

6. Upon information and belief, Defendants Kimball, Tirey & St. John, LLP's corporate office is located at 2040 Main St #500, Irvine, Ca 92614.

7. Upon information and belief, Defendants Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC's corporate office is located at 30141 Agoura Rd., Ste. #100 Agoura Hills, CA 91301-4332.

8. Upon information and belief, Defendants are the successor employers and/or successors-in-interest to any companies or entities that previously owned, managed, or operated Alegre Apartments.

9. Plaintiff is informed and believe and thereon allege that at all times relevant herein, each of the Defendant Does 1-10 were responsible in some manner for the occurrences and injuries alleged in this complaint. Their names and capacities are currently unknown to Plaintiffs. Plaintiffs will amend this Complaint to show such true names and capacities when the same have been ascertained.

## STATEMENT OF FACTS

10. Marcella Fox is handicapped or disabled within the meaning of the Fair
Housing Act, 42 U.S.C. § 3602(h) and that she has Anxiety, PTSD, Panic and hearing
loss, which substantially limits her daily functional capacity.

11. Marcella Fox allege that at the time she and her family moved into the
residential apartments owned and operated by Alegre Group, John Stewart Company,
Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc.,
Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball,
Tirey & St. John, LLP (herein, "Defendants"), Marcella Fox suffered from disabilities
covered under the ADA, FEHA and FHA.

12. Kimball, Tirey &St. John was an Agent or Ostensible Agent for Defendants,
Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal
enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP,
LLC, and Amcal Alegre Fund, L.P.

**Retaliation and/or Failure to Prevent Harassment, Discrimination, or Retaliation**
**and Vicarious Liability**

On or around October 3, 2018, Plaintiff made a complaint to Defendants, Amcal
and Alegre, complaining about unsafe living conditions in her rental unit. Shortly after
Plaintiff began to receive threats of evictions and other negative actions from Kimball,
Tirey &St. John's law offices stating that the landlord/management team, which
include Defendants Alegre Group, John Stewart Company,  Amcal Multi-Housing

Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities

Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P., had directed them to contact me

in regard to my "tenancy," in fact, the letter's subject line read "RE: Your Tenancy."

Kimball, Tirey &St. John stated that I should respond directly to them and not the

landlord/management team. Between the months of November 2018 and September

2019 Kimball, Tirey & St, John sent a series of "notices" in regard to Plaintiff's

tenancy and threats of eviction. The very first letter from Kimball, Tirey & St. John to

Plaintiff stated that she should move immediately if she was unhappy with the

conditions of the rental unit. The very first letter also stated false claims of property

damage and monetary losses for the Plaintiff upon move out. Plaintiff on several

occasions asked Kimball, Tirey & St. John to cease and desist, however, they

continued to send false and threats to the Plaintiff.  Plaintiff asked several times

between the months of November 2018 and September 2019 if she could speak with

the landlord/management team and was denied by Defendants, Kimball, Tirey & St.

John and reassured that the landlord/management team has directed them to deal with

me. The Law Offices of Kimball, Tirey & St. John were the agent for the landlord and

acted on behalf of the landlord/management team, Alegre Group, John Stewart

Company,  Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi

Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund,

L.P. Defendants, including Kimball, Tirey &St. John worked together, jointly and

severely. A landlord may appoint anyone to act as his, her or its agent in managing a

property, the agent administers matters for the landlord. Plaintiff was a tenant of the

Defendants' rental property and was obligated to deal with whoever the landlord

appointed and in this case the landlord appointed Kimball, Tirey &St. John to act on

their behalf. Kimball, Tirey &St. John contacted Plaintiff on behalf of the Defendants

regarding her "tenancy" immediately after Fox made a complaint in October 2018

about unsafe living conditions in the rental unit. The Defendants began to attack Fox's

tenancy, threatening her with eviction and monetary loss.

Marcella Fox allege that Alegre Group, John Stewart Company,  Amcal Multi-

Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal

Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey &

St. John, LLP retaliated against her and her household immediately after and

continuously since filing a complaint and lawsuit against the defendants in 2018. The

defendants harassed, intimidated and bullied the plaintiff, as well as, orchestrated a

constructive eviction against the plaintiff.  Marcella Fox submitted complaints to the

defendants and filed a lawsuit against the defendants in 2018 regarding unsafe living

conditions; Alegre Group, John Stewart Company,  Amcal Multi-Housing Two, LLC,

Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal

1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP began to

threaten, harass and intimidate Marcella Fox and her household immediately after the

complaints were made. Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP subjected Marcella Fox to different maintenance and rental terms than other tenants. Defendants Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P., raised the plaintiff's rent after she requested a repair. Defendants, Alegre Group, John Stewart Company,  Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P., denied some maintenance requests after Plaintiff made a complaint to them about the safety concerns, she had in respects to the dwelling unit.  Plaintiff believes that her complaint and lawsuit was a substantial motivating reason for Alegre Group, John Stewart Company,  Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP's decision to retaliate, intimidate and/or harass Fox and her household. Marcella Fox was harmed and continues to be affected by the negative actions of the Defendants. Alegre Group, John Stewart Company,  Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP's decision

to harass, intimidate and retaliate against Plaintiff was a substantial factor in causing her harm. Fox informed the defendants of her disabilities and that their actions were triggering symptoms of her disabilities. The Defendants were aware or should have been aware of the Plaintiff's disabilities.

Fox does not have to prove discrimination/harassment in order to be protected from retaliation. Plaintiff reasonably believe that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP's conduct was unlawful and intentional. According to local laws Plaintiff may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination, harassment and/or any other claim. Fox believes the Defendants were motivated by an intent to retaliate against her for making a complaint and filing a lawsuit against them in 2018 for a separate matter regarding unsafe living conditions of her rental unit. The Defendants proceeded to discriminate, harass, intimidate, bully and retaliate against the plaintiff immediately after and continuously since she made a complaint and filed a lawsuit against the Defendants in 2018 for a separate matter, regarding the unsafe living conditions of her rental unit.

Plaintiff is informed and believes that under federal law, it is unlawful to coerce, intimidate, threaten, or interfere with any person because she exercised a Fair Housing

right. The federal regulations establish specific prohibited retaliatory conduct.
Furthermore, a person/entity/agency may not retaliate against any person because that
person has made a complaint, testified, assisted, or participated in any manner in a
proceeding under the Fair Housing Act.

   Fox claims that Alegre Group, John Stewart Company,  Amcal Multi-Housing
Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities
Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP
failed to take all reasonable steps to prevent harassment, discrimination, bullying,
intimidation and/or retaliation based on the fact that Fox complained about the unsafe
conditions of the dwelling unit, requested repairs and submitted a lawsuit with the
court against them previously. Plaintiff believes the Defendants went as far as to
orchestrate a constructive eviction against her. Plaintiff informed Defendants, Kimball,
Tirey &St. John, that the communications were fallacious and were a result of her
making a complaint against the Defendants, Alegre Group, John Stewart Company,
Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc.,
Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P., about the
unsafe living condition of her rental unit.

   Plaintiff believes Kimball, Tirey &St. John was an Agent or Ostensible Agent
for Defendants, Alegre Group, John Stewart Company, Amcal Multi-Housing Two,

LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P., and failed to intervene.

Fox was a tenant of the Defendants Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. between August 2018 until October 2019. Fox believes Defendant Kimball, Tirey & St. John, LLP assisted in the harassment, retaliation, discrimination, bullying, intimidation and constructive eviction as the hired attorneys, agents and/or ostensible agent for Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC and Amcal Alegre Fund, L.P.

Fox was subjected to harassment, bullying, intimidation, discrimination and/or retaliation in the course of her tenancy mostly by Defendants Kimball, Tirey & St. John through letters and negative interactions. Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP failed to take all reasonable steps to prevent the harassment, discrimination, and/or retaliation subjecting Fox to a hostile and abusive living environment. Marcella Fox was harmed and Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc.,

Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP's failure to take all reasonable steps to prevent harassment, discrimination, bullying, intimidation and retaliation was a substantial factor in causing Marcella Fox's harm.

*California Code, Civil Code - CIV § 1942.5 states:*

*"(d)  Notwithstanding subdivision (a), it is unlawful for a lessor to increase rent, decrease services, cause a lessee to quit involuntarily, bring an action to recover possession, or threaten to do any of those acts, for the purpose of retaliating against the lessee because he or she has lawfully organized or participated in a lessees' association or an organization advocating lessees' rights or has lawfully and peaceably exercised any rights under the law.   In an action brought by or against the lessee pursuant to this subdivision, the lessee shall bear the burden of producing evidence that the lessor's conduct was, in fact, retaliatory."*

Defendants, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P.  did in fact raise Fox's rent several times during her 14 months tenancy. Kimball, Tirey & St. John, LLP began to attack Plaintiff's tenancy and send false and/or excessive notices, as well as, asked Plaintiff to move immediately after she made a complaint about the unsafe living conditions of the unit, stating since Plaintiff was not happy with the rental unit she should move and

then began to threaten her with eviction, as well as, began sending false and harassing notices. Defendants began to send false and/or invalid notices immediately after Fox filed her complaint against Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. in October 2018.

Plaintiff believes that the Defendants acted with a purpose to intentionally cause adverse actions to occur. The very first letter from Defendants insisted that she move from the rental unit as did each letter and/or notice that followed between the months of November 2018 to September 2019. Defendants ended Fox's tenancy and refused to renew her tenancy based on the fact that she filed a complaint against them for unsafe living conditions of her rental unit. Plaintiff believes the decision to end her tenancy and/or constructively evict her is a direct result of her complaint and prior lawsuit. Defendants also raised Plaintiff's rent, decreased essential items and/or services, and has filed an eviction or unlawful detainer action. Prior to the actions taken by the Defendants, Fox made a complaint, as well as, sued and/or defended a court case and raised the habitability of the rental property as an issue.

According to local California laws and upon information and belief, it is illegal for a landlord to retaliate against a tenant in California who has exercised a legal right, including:

•complaining to the landlord about unsafe or illegal living conditions

•complaining to a government agency, such as a building or health inspector, about unsafe or illegal living conditions

•assembling and presenting your views collectively—for example, by joining or organizing a tenant union, or

•exercising a legal right allowed by your state or local law, such as withholding the rent for an uninhabitable unit.

The types of retaliatory acts covered by California law include, but are not limited to, terminating a tenancy or filing and/or threatening to file an eviction lawsuit; increasing the rent; or decreasing services, such as not providing some maintenance requests, Fox was subjected to the mentioned retaliatory acts. California state law presumes retaliation if the landlord acts in these types of negative ways within 180 days of the date that a tenant has exercised a legal right, such as complaining to the landlord about unsafe living conditions in the apartment, as Fox did. Plaintiff believes she exercised a Fair Housing right. Defendants were aware that Fox exercised such right. After the Plaintiff exercised her Fair Housing right, the Defendant subsequently took adverse action against the Plaintiff.

**Failure to Accommodate/ Failure to Engage in the Interactive Process**

Plaintiff realleged all claims. Plaintiff requested a reasonable accommodation upon move in August 2018. The request included allowing service animals for the Plaintiff. The Plaintiff and her service animals moved into the unit on the same day.

After Plaintiff made a complaint about the unsafe living conditions in the unit the Kimball, Tirey & St. John began to harass Fox about the service animals. The Defendants, Kimball, Tirey & St. John, after several requests, from Plaintiff, to approve the service animals appeared to have denied the request because, although the Plaintiff provided all requested documents to the Defendants on several occasions, the Defendants began to harass and threaten the Plaintiff because of the service animals resulting in the Plaintiff's separation from and the removal of her service animals. The Kimball, Tirey & St. John then later issued a 30 days' notice citing "unauthorized animals" living in the rental unit.

Plaintiff claims that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP failed to reasonably accommodate her mental and physical condition. Fox had a mental and physical condition that limited her ability to hear and limited other major daily life activities. Alegre Group, John Stewart Company,  Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP knew of Fox's mental and physical conditions that limited her hearing, as well as, other major daily life activities. Fox would have been able to perform her essential daily duties and enhance her quality of life by alleviating some symptoms of

her disabilities with the requested reasonable accommodation for her mental and physical conditions. However, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P. failed to provide reasonable accommodation for Marcella Fox's mental and physical conditions causing Fox harm. and

Marcella Fox contends that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Marcella Fox alleviate some symptoms of her disability and fully enjoy the rental unit located at 1205 Visions, Irvine Ca, 92620.

Marcella Fox had mental and physical conditions that were known to Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP.

Marcella Fox requested that Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey &

St. John, LLP make a reasonable accommodation for her mental and physical conditions so that she would be able to alleviate symptoms of here disabilities and enhance her overall quality of life. Fox was denied.

Marcella Fox was willing to participate in an interactive process to determine whether a reasonable accommodation could be made so that she would be able to alleviate symptoms of her disabilities. However, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP failed to participate in a timely good-faith interactive process with Marcella Fox to determine whether reasonable accommodation could be made. Fox was harmed by these actions and/or lack of actions taken by Defendants. Furthermore, Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P. and Kimball, Tirey & St. John, LLP's failure to engage in a good-faith interactive process was a substantial factor in causing Fox's harm.

**Intentional Infliction of Emotional Distress/Negligent infliction of Emotional Distress**

Plaintiff realleg all claims. Plaintiff is informed and believes that the Defendants' actions after Plaintiff's original complaint in 2018 were intentional. The

PLAINTIFF'S FIRST AMENDED COMPALINT

Defendants began to threaten Plaintiff with eviction and monetary loss immediately after her complaint about the unsafe living conditions in her rental unit. Defendants, Kimball, Tirey & St. John immediately contacted Plaintiff regarding her tenancy and requesting that she moves out of her rental unit. Kimball, Tirey & St. John were/are the agents of the Defendants as well as a law office and knew or should have known the actions taken by the Defendants were unwarranted. Kimball, Tirey & St actions caused the Plaintiff to suffer a great deal of harm that is still affecting her today. Ms. Fox began receiving correspondences regarding termination of her tenancy from the law offices of Kimball, Tirey & St. John immediately after her complaint to Defendants about the unsafe living conditions of the unit. Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, and Amcal Alegre Fund, L.P.'s representatives began to demand face to face meetings but when Plaintiff refused, Amcal representatives threatened Fox with letters from their lawyers and more false notices. Plaintiff did in fact receive the letters days later. Fox informed the Defendants of her disabilities and that their actions were triggering her symptom of her disabilities on several different occassions.

24 CFR § 100.400 - Prohibited interference, coercion or intimidation, states that *"it is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on*

*account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."*

Plaintiff believes Defendants' actions were unlawful, intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination, harassment, bullying, intimidation, reprisal and retaliation based on her previous complaints in regard to the safety concerns in the dwelling unit at Alegre Apartments located at 1205 Visions, Irvine, Ca. 92620

Plaintiff was subjected to harassment, retaliation and reprisal by Defendants' agents and employees because she complained about the safety of the dwelling unit and made maintenance requests. Plaintiff was subjected to verbal and written conduct by Defendants' agents, affiliates and employees. Defendants' agents, affiliates and employees' conduct was not welcomed by Plaintiff. Defendants' agents', affiliates and employees' conduct was undertaken because of Plaintiff's complaints. Plaintiff believes the Defendants' conduct was so severe or pervasive that reasonable persons in Plaintiff's position would also find her living environment to be hostile or abusive. Plaintiff believed her living environment to be hostile or abusive as a result of Defendants' agents', affiliates and employees' conduct.

Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel with information sufficient to

raise a probability of retaliation, harassment, and/or discrimination in the mind of a reasonable landlord. Moreover, the harassment and retaliation was so pervasive and open that a reasonable landlord would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

Defendants did not exercise reasonable care to prevent harassment or retaliation and did not exercise reasonable care to promptly correct any harassing and/ or retaliatory behavior that did occur.

As a direct, legal and proximate result of the discrimination, harassment and retaliation Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

Plaintiff believes, Defendants' actions were unlawful, intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination.

Plaintiff believes her previous complaints were the determining factor and/or a motivating factor in Defendants' actions. As a result of Defendants' actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination, retaliation and harassment at trial.

Plaintiff believes, Defendants' actions were unlawful, intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination, harassment and retaliation based on her previous complaints against them. Plaintiff believes she is entitled to reasonable relief.

Plaintiff made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory housing practices based on her previous complaints against them. Plaintiff believes, as a result of her complaints, Defendants' and their agents and employees took materially adverse actions against her, including, but not limited to, issuing disciplinary warnings, threats of termination, and reprimands by Defendants' agents and employees. Plaintiff believes, Defendants' adverse actions constituted retaliatory housing harassment.

Plaintiff believes, Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity and almost did deter her. It is the Plaintiff's belief that the Defendants took adverse action against her because she exercised her Fair Housing right. Plaintiff believes, Defendants acted with a purpose to intentionally cause adverse actions to occur and to intentionally harass, bully, intimidate and/or retaliate against Fox. All Defendants are liable for the acts of their agents and employees as set forth above.

## DECLARATORY RELIEF ALLEGATIONS

**PLAINTIFF'S FIRST AMENDED COMPALINT**

A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contend that Defendants violated her rights under Title 24, Section 100. Plaintiff is informed and believe and thereon alleges that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

Plaintiff seek a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

If this Court does not grant the injunctive relief sought herein, Plaintiffs will be irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

For all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

For $140,000 compensatory damages for Plaintiffs' emotional pain and suffering, or in an amount to be proven at trial;

For General damages according to proof;

1    For punitive damages for $750,000 or in an amount to be determined at trial;

2    For interest on compensation and damages, including pre- and post-judgment

3

4  interest and an upward adjustment for inflation;

5    For an order enjoining Defendants from engaging in the unlawful acts complained

6

7  of herein;

8    For such other and further relief as this Court deems just and proper.

9                  **DEMAND FOR JURY TRIAL**

10

11    Plaintiff demands a jury trial on all causes of action and claims to which they

12  have a right to a jury trial.

13

14

15                  Respectfully Submitted,

16

17

18  Dated: February 20, 2020          By:_____

19

20                        Marcella Fox

21                        In Pro Per

22

23

24

25

26

27

28