JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1801 JVS (KESx) | Date | April 17, 2020 |
| Title | Marcella Fox v. Alegre Group et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] <u>Order Regarding Motion to Dismiss</u>**

Defendant Kimball, Tirey & St. John LLP ("Kimball") moved to dismiss Plaintiff Marcella Fox's ("Fox's") First Amended Complaint ("FAC"). Mot., Dkt. No. 56. Fox did not oppose the motion.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

Fox filed her Complaint on September 20, 2019. Dkt. No. 1. The Court granted Kimball's motion to dismiss on January 22, 2020, giving her 30 days leave to amend. Order, Dkt. No. 51.

The following allegations are drawn from Fox's FAC, which she filed on February 21, 2020. See FAC, Dkt. No. 53.

Fox alleges a number of causes of action in connection with her tenancy at the real property located at 1205 Visions, Irvine, CA 92620 ("the Premises"). Id. ¶ 4. She sues nine entities: Alegre Group, John Stewart Company, Amcal Multi-Housing Two, LLC, Amcal Enterprises, Inc., Amcal Multi Housing, Inc., Amcal Communities Inc., Amcal 1 GP, LLC, Amcal Alegre Fund, I,.P and Kimball, Tirey & St. John, LLP (together – "Defendants"). Id. ¶ 5.

Fox is handicapped or disabled within the meaning of the Fair Housing

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1801 JVS (KESx) | Date | April 17, 2020 |
| Title | Marcella Fox v. Alegre Group et al | | |

Act, 42 U.S.C. § 3602(h).  Id. ¶ 10.  She has anxiety, PTSD, and hearing loss, which substantially limits her daily functional capacity.  Id.  She alleges that Defendants "failed to provide reasonable accommodation for [her] mental and physical conditions."  See generally, FAC.

She alleges that Defendants retaliated against her for filing a separate lawsuit against them in 2018 and "harassed, intimidated and bullied" her by "orchestrat[ing] a constructive eviction" against her.  Id.  She further alleges that Defendants "subjected [her] to different maintenance and rental terms than other tenants," "raised [her] rent after she requested a repair," and denied maintenance requests.  Id.

With regards to Kimball, Fox alleges that it "assisted in the harassment, retaliation, discrimination, bullying, intimidation and constructive eviction as the hired attorneys for" the rest of the defendants.  Id.  And Fox alleges that Kimball "was an Agent or Ostensible Agent" for the other defendants.  Kimball sent "threats of evictions and other negative actions" to Fox.  Id.  Kimball "began to attack [Fox's] tenancy and send false and/or excessive notices, as well as, asked [Fox] to move immediately after she made a complaint about the unsafe living conditions of the unit, stating since [Fox] was not happy with the rental unit she should move and then began to threaten her with eviction, as well as, began sending false and harassing notices."

Fox asserts three causes of action, for (1) retaliation and/or failure to prevent harassment, discrimination, or retaliation; (2) failure to accommodate her disabilities and engage in a good faith interactive process; and (3) intentional infliction of emotional distress.

**Kimball's Request for Judicial Notice**

Kimball filed a request for judicial notice ("RJN") in which it requests that the Court take judicial notice of three documents: Fox's Complaint for Personal Injury, Property Damage, and Wrongful Death, filed in Orange County Superior Court on October 26, 2018 in Case No. 30-2018-01028433, Defendant Alegre GP, LLC's Answer to the Complaint, Defendants AMCAL Multi-Housing Two, LLC and Irvine Community Land Trust's Answer to the Complaint, and the Complaint for Unlawful Detainer, filed in Orange County Superior Court on September 5, 2019, in Case No. 30-2019-01094878.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1801 JVS (KESx)                                Date  April 17, 2020

Title   **Marcella Fox v. Alegre Group et al**

Dkt. No. 57, Exs. 1-4.

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011).

The Court **grants** Kimball's request because Fox's FAC necessarily relies on these documents – indeed, her FAC mentions the 2018 lawsuit she filed against these defendants.

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1801 JVS (KESx) | Date | April 17, 2020 |
| Title | Marcella Fox v. Alegre Group et al | | |

conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Especially in civil rights cases, a *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). *Pro se* plaintiffs should be granted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Id. at 1130-31.

### III. DISCUSSION

Fox failed to file a timely opposition. The Court deems the failure to oppose the motion as consent to the granting of the motion. See Local Rule 7-9 (requiring the filing of an opposition brief or a statement of non-opposition no later than 21 days before hearing date); Local Rule 7-12 (failure to file an opposition may be deemed consent to the granting of a motion). Further, as set forth below, the Court also **GRANTS** the motion on its merits.

Kimball moves to dismiss based on the argument that Fox's FAC stems from her tenancy at the Premises, which is owned by others. Because Kimball is serving as legal counsel for the other Defendants, it argues that it is not a proper defendant in this action. See generally, Mot., Dkt. No. 53.

Fox claims that Kimball was the "Agent or Ostensible Agent" for the other defendants and "*assisted* in the harassment, retaliation, discrimination, bullying, intimidation and constructive eviction *as the hired attorneys*…" See FAC (emphasis

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1801 JVS (KESx) | Date | April 17, 2020 |
| Title | Marcella Fox v. Alegre Group et al | | |

added). Fox also alleges the following:

> Kimball sent "threats of evictions and other negative actions" to Fox. Kimball "began to attack [Fox's] tenancy and send false and/or excessive notices, as well as, asked [Fox] to move immediately after she made a complaint about the unsafe living conditions of the unit, stating since [Fox] was not happy with the rental unit she should move and then began to threaten her with eviction, as well as, began sending false and harassing notices.

Kimball points out that the statute Fox relies upon, Civil Code § 1942.5, focuses on the conduct of lessors and their agents in regards to retaliatory eviction claims, but Kimball was not Defendants' agent with respect to the leasing and management of the premises. Mot. at 8.

The Court finds that Fox has not adequately alleged that Kimball's role as the landlord Defendants' counsel should subject it to the causes of action she asserts. The litigation privilege, as Kimball points out, would likely shield it from liability for any filing it made in any legal proceedings it participated in as Defendants' counsel. Mot. at 9; see Silberg v. Anderson, 50 Cal.3d 205, 212 (1990) ("the privilege is now held applicable to any communications made in connection with a judicial proceeding . . . ."). Communications with "some relation" to judicial proceedings are absolutely immune from tort liability by the privilege. Rubin v. Green, 4 Cal. 4th 1187, 1193-94 (1993). The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006).

Further, Fox's allegations regarding Kimball's conduct are based on its service of notices and communications from the other defendants prior to and during the unlawful detainer action. See FAC; see also RJN. Thus, the Court finds that Kimball's service of pre-litigation notices and the filing of an unlawful detainer are protected activity. Birkner v. Lam, 156 Cal. App. 4th 275, 281 (2007) ("The prosecution of an unlawful detainer action indisputably is protected activity within the meaning of section 425.16"). Fox's allegations simply fail to state claims that are able to overcome the litigation privilege.

**IV. CONCLUSION**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1801 JVS (KESx)                              Date  April 17, 2020

Title      **Marcella Fox v. Alegre Group et al**

    For the foregoing reasons, the Court **GRANTS** the motion, with prejudice.  The Court previously granted Fox leave to amend but she failed, with her FAC, to correct the pleading deficiencies the Court identified.

    Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court deems the matter submitted without oral argument, and removes the April 20, 2020 hearing from its calendar.

    **IT IS SO ORDERED.**

                                                              :   0

                                             Initials of Preparer      lmb